**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **HOMER G. PHILLIPS NURSES' ALUMNI, INC.,** | |
| Plaintiff, | |
| v. | |
| **NORTHSIDE URGENT CARE HOSPITAL, INC. d/b/a HOMER G. PHILLIPS HOSPITAL,** | |
| and | |
| **HOMER G. PHILLIPS MEMORIAL HOSPITAL, INC. d/b/a HOMER G. PHILLIPS HOSPITAL,** | Case No. 4:22-cv-731 |
| and | |
| **NORTHSIDE URGENT CARE PROPERTY, LLC d/b/a HOMER G. PHILLIPS HOSPITAL,** | **JURY TRIAL DEMANDED** |
| Serve all Defendants at: <br> PEM Agency Corporation <br> 1001 Boardwalk Springs Place, #10 <br> O'Fallon, MO 63368 | |
| Defendants. | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, TRADEMARK DILUTION, and UNFAIR COMPETITION**

COMES NOW Plaintiff Homer G. Phillips Hospital Nurses' Alumni, Inc. ("Plaintiff"), by and through its undersigned counsel, and states for its Complaint against Defendants the facts set forth below. Plaintiff demands a jury trial on all causes of action against Defendants.

## SUMMARY OF THE ACTION

1. Plaintiff is a philanthropic organization founded in 1922. For 100 years, Plaintiff has upheld the legacy of the individuals and organizations who worked tirelessly to bring quality healthcare to St. Louis' historically underserved black community. Plaintiff remains very active in the St. Louis metropolitan area today in fundraising and community outreach efforts.

2. Defendants, upon information and belief, collectively own and operate a for-profit healthcare facility located in St. Louis, Missouri, which does business as the "Homer G. Phillips Hospital."

3. Defendants appropriated Plaintiff's trademark to trade on and profit from the name recognition and goodwill which was created by and is enjoyed by Plaintiff.

## THE PARTIES AND THE MARK

4. Plaintiff is a domestic entity. Plaintiff is a non-profit with its principal place of business in St. Louis City, Missouri.

5. Plaintiff is the owner of the service mark "Homer G. Phillips Nurses Alumni Inc," Registration Number 6722564 (the "Mark"). Plaintiff first used the Mark in 1922 and has been using it continuously since that time. Plaintiff filed the application for registration on May 6, 2021 and registration occurred on May 24, 2022.

6. Registration of the Mark on the Principal Register with the United States Patent and Trademark Office constitutes prima facie evidence of the Mark's validity and is conclusive evidence of Plaintiff's rights to the Mark in commerce.

7. Plaintiff has used the Mark continuously and publicly to promote its philanthropic mission. Plaintiff has invested large sums of money and more than a century's worth of work in promoting its business with the Mark.

8. Defendants are domestic entities; they are, upon information and belief, for-profit corporations with their principal place of business in St. Louis City, Missouri.

## JURISDICTION AND VENUE

9. The Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367 because Plaintiff's claims arise under the Lanham Act, specifically 15 U.S.C. Section 1114(1). The Court has pendent jurisdiction over Plaintiff's state law claims, as those claims arise out of the same facts and circumstances as the Lanham Act claims. As such, the state law claims are joined with and substantially related to Plaintiff's Lanham Act claims.

10. Defendants are subject to personal jurisdiction in Missouri because Defendants reside in Missouri, because Defendants committed the tortious and illegal acts referenced herein in Missouri, and because Plaintiff suffered harm from Defendants' tortious and illegal acts in Missouri.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this District. Defendants engaged in trademark infringement and other Lanham Act violations in this District.

## FACTS COMMON TO ALL COUNTS AND CAUSES OF ACTION

12. Plaintiff, at all times relevant, has been the sole owner of trademark rights regarding the Mark and has never assigned any of those rights. Plaintiff does not approve, and has never approved, of Defendants using the Mark in any manner.

13. Plaintiff has used the Mark in commerce continuously since approximately 1922; Plaintiff has operated, and continues to operate, in multiple states.

14. Plaintiff, at all times relevant, has supported the Mark with extensive community

involvement, marketing, and public relations efforts throughout the United States and specifically within the St. Louis metropolitan area.

15. Plaintiff, utilizing the Mark and through the expenditure of energy, time, and money, has built up substantial goodwill and name recognition among consumers in its various markets. The mark is therefore strong and entitled to a high degree of protection.

16. In late 2019, Plaintiff learned of Defendant's plan to use the name "Homer G. Phillips Hospital" and immediately made Defendant aware of Plaintiff's objections regarding Defendant's planned use of this name, as it was confusingly similar to the Mark in that it shares the dominant feature of Plaintiff's mark; the name Homer G. Phillips. Plaintiff demanded that Defendants choose another name.

17. Defendant's use of the Mark, or a phrase confusingly similar to the Mark, in its name and efforts to market its for-profit urgent care facility immediately within Plaintiff's primary market to directly compete with Plaintiff for name recognition and goodwill, only increases the likelihood of consumer confusion and, upon information and belief, represents an effort by Defendants' to pass off their products and services as those offered by Plaintiff and its members.

18. To further protect its rights, Plaintiff began the process of registering the Mark on the Principal Register with the United States Patent and Trademark Office. At no point did Defendant object to Plaintiff's registration of the Mark or assert any right to use the mark.

19. Registration was granted on May 24, 2022.

20. Nonetheless, as of the date of filing of this petition, Defendants continue to display the Mark, or a phrase confusingly similar to the Mark, on and in their facility and have not announced plans to operate under a different name.

21. Specifically, Defendants' building displays signage reading: Homer G. Phillips Hospital ™."





22. Although Defendants' use of the "™" symbol next to the phrase "Homer G. Phillips Hospital" appears to indicate Defendants' claim of a trademark in that phrase, Defendants are entitled to no such trademark.

23. Rather, Defendants use the Mark, or a phrase confusingly similar to the Mark, for the purpose of attracting consumers and misleading those consumers into thinking that Defendants are associated with Plaintiff, or that Defendants can provide services associated with the Mark.

24. Defendants stated purpose in using the Mark, or a phrase confusingly similar to

the Mark, for its name is to "honor" the name of Homer G. Phillips and to "emulate his spirit and tenacity in serving the health care needs of North St. Louis."

> We named our new hospital to honor the legacy and memory of the great Homer G. Phillips. We honor his name because we intend to emulate his spirit and tenacity in serving the health care needs of North St. Louis.

25. Plaintiff has been damaged by Defendants' use of the Mark, or a phrase confusingly similar to the Mark, such that:

   a. Plaintiff has lost goodwill to Defendants;

   b. Plaintiff has continued to make substantial expenditures promoting the Mark and Plaintiff has not gotten the benefit of those expenditures;

   c. Plaintiff has been forced to spend significant sums of money in an effort to reclaim its Mark from Defendants; and

   d. Plaintiff has not received the benefit of substantial expenditures it made to acquire the Mark.

## Count I - Unfair Competition - Section 43(a) of the Lanham Act

26. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

27. Defendants use the Mark, or a phrase confusingly similar to the Mark, in interstate commerce to tap into Plaintiff's reputation, brand and goodwill for the purpose of driving customers to their medical facility.

28. Defendants made unauthorized use of the Mark, or a phrase confusingly similar to the Mark, by using it to promote their for-profit urgent care facility. This use of the Mark, or a phrase confusingly similar to the Mark, was intended to exploit the Mark and Plaintiff's

goodwill so as to increase traffic to Defendants' business.

29. Defendants' use of the Mark, or a phrase confusingly similar to the Mark, is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or cause confusion, mistake or deception by suggesting sponsorship or approval of Defendants' services by Plaintiff.

30. Defendants' use of the Mark, or a phrase confusingly similar to the Mark, constitutes commercial advertisement or promotion that misrepresents the nature, characteristics, and/or qualities of Defendants' services and commercial activities by associating them with Plaintiff.

31. Plaintiff has been damaged by Defendants' use of the Mark or a phrase confusingly similar to the Mark.

### **Count II - Trademark Infringement - Section 32 of the Lanham Act**

32. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

33. Defendants, in using the Mark, or a phrase confusingly similar to the Mark, to offer its healthcare services, caused confusion, mistake, or deception as to the source or sponsorship of Defendants' services. Defendants caused, and continue to cause, the consuming public to believe that Defendants' services have been approved by Plaintiff or that Defendants are legitimately connected with Plaintiff or authorized by Plaintiff to use the Mark.

34. Defendants' unauthorized use of the Mark, or a phrase confusingly similar to the Mark, is also likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Defendants' services in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Consumers of healthcare services or at least a significant portion thereof are likely to believe that Defendants' urgent care facility is licensed by, sponsored by, connected with,

authorized by, or related to Plaintiff.

35. Plaintiff has been damaged by Defendants' infringement of the Mark, or a phrase confusingly similar to the Mark, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Count III - Trademark Dilution - Section 43(c) of the Lanham Act

36. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

37. By using the Mark, or a phrase confusingly similar to the Mark, as the operative part of the Defendants' for-profit urgent care facility, Defendants have diluted the distinctive value of Plaintiff's Mark.

38. Plaintiff has been damaged by Defendants' dilution of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Count IV - Trademark Infringement - Missouri

39. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

40. Defendants' unauthorized use of the Mark, or a phrase confusingly similar to the Mark, is likely to cause confusion, mistake, or deception as to source, sponsorship, or approval of Defendants' services in violation of Mo.Rev.Stat. § 417.056.

41. Consumers of healthcare services, or at least a significant portion thereof are likely to believe that Defendants' facility is licensed by, sponsored by, connected with, authorized by, or related to Plaintiff.

42. Plaintiff has been damaged by Defendants' infringement of the Mark, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## Count V - Trademark Dilution - Missouri Anti-Dilution Act

43. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

44. By using the Mark, or a phrase confusingly similar to the Mark, as the operative part of its for-profit urgent care facility, Defendants have diluted the distinctive value of Plaintiff's distinctive Mark in violation of the Missouri Anti-Dilution Act, Mo.Rev.Stat. § 417.061.

45. Plaintiff has been damaged by Defendants' infringement of the Mark, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in its favor on all Counts, and that the Court specifically find that Defendants engaged in trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act and that Defendants engaged in trademark infringement and dilution in violation of Missouri law. Plaintiff respectfully requests the Court enter judgment that Defendants acted willfully with respect to all violations of state and federal law.

Plaintiff respectfully requests that the Court permanently enjoin Defendants from using the Mark or a name confusingly similar to the Mark for any purpose, and from infringing on Plaintiff's rights in the Mark.

Plaintiff respectfully requests that the Court require Defendants to provide an accounting to Plaintiff of all monies gained by it from the use of the Mark and all profits earned by it since the start of their use of the Mark or a phrase confusingly similar to the Mark.

Plaintiff respectfully requests that the Court award it actual damages in an amount to be

determined at trial, that the Court award Plaintiff three times the amount of its actual damages, Defendants' profits over the period Defendants have used the Mark or a phrase confusingly similar to the Mark, the costs of this action, attorneys' fees, and such other amounts as the Court deems just pursuant to 15 U.S.C. Section 1117(a).

Plaintiff respectfully requests that the Court award it three times the amount of Defendant's profits or Plaintiffs' damages, whichever is greater, together with a reasonable attorneys' fee and prejudgment interest pursuant to 15 U.S.C. Section 1117(b).

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
David A. Weber, #70409
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
Phone: 314.380.3166
Email: rick@voytaslaw.com
david@voytaslaw.com

*Attorneys for Plaintiff*